UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. BEVERLY MCCAFFERY,<br><br>Plaintiffs,<br><br>v.<br><br>ALTERNATIVE LEARNING CENTER, et al.,<br><br>Defendants. | No. 2:12-cv-01156-KJM-DB<br><br>ORDER |

On October 18, 2016, the United States and the State of California (the Government Entities) filed a joint notice of election to intervention for settlement purposes in this *qui tam* action brought under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq*., and the California False Claims Act, Cal. Gov't Code § 12652(c)(6)(B). Notice, ECF No. 46. The Government Entities request that the seal be lifted from certain documents in this case, namely the notice and order on intervention, the complaint, and all future filings, but not from the other filings in this case. *Id.* at 2. These other filings include the United States' requests for extensions of time to decide whether to intervene, and the declarations and other materials submitted in support of those requests.

/////

1

The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S.* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the Government Entities' request to maintain the seal because "in discussing the content and extent of the Government Entities' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." Notice 2. This explanation does not assure the court that a seal is necessary to maintain the confidentiality of "investigative methods or techniques," to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason.

The court therefore orders as follows:

(1) The complaint, ECF No. 1, the Government Entities' notice, ECF No. 46, this order, and all future filings are UNSEALED, but all other contents of the court's file in this action remain under TEMPORARY SEAL pending further order of this court;

(2) Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal; and

(3) Relator shall serve the complaint on the defendants.

IT IS SO ORDERED.

DATED: April 11, 2017.

_____
UNITED STATES DISTRICT JUDGE