UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel. BEVERLY MCCAFFERY,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALTERNATIVE LEARNING CENTER, et al.,<br><br>        Defendants. | No. 2:12-cv-01156-KJM-DB<br><br>ORDER |

On October 18, 2016, the United States and the State of California (the Government Parties) filed a joint notice of election to intervene for settlement purposes in this *qui tam* action brought under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.*, and the California False Claims Act, Cal. Gov't Code § 12652(c)(6)(B).  Notice, ECF No. 46.

In the notice, the Government Parties requested the seal be lifted from certain documents in this case, namely the notice of election and order on intervention, and the complaint, and all future filings, but not from other filings. *Id.* at 2. The other filings include the United States' requests for extensions of time to decide whether to intervene and the declarations and other materials submitted in support of those requests. *Id.*

/////

1

On April 11, 2017, this court, in reviewing the joint notice, ordered several documents on the docket be unsealed: (1) the original complaint, ECF No. 1; (2) the joint notice; (3) the order unsealing the documents on the docket; and (4) all future filings maintained in this action. Order 1–2, ECF No. 54. The court then ordered the Government Parties to show cause why the balance of the docket should remain under seal. *Id.* at 2–3. The Government Parties responded on April 12, 2017. ECF No. 55. The Government Parties requested the remaining documents remain under seal, or in the alternative be redacted. *Id.* at 2.

For reasons explained below, this court DENIES the Government Parties' request to retain the seal over the remaining documents. As these Parties requested, the court provides a brief period of additional time for the Government Parties to SHOW CAUSE under Local Rules 140 and 141 why remaining documents should be redacted.

I. <u>LEGAL STANDARD</u>

While the False Claims Act contemplates lifting the seal on the relator's complaint, nowhere does the statute reference the unsealing of any other documents filed with the court. *U.S. ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004). The FCA, therefore, provides no explicit authority for the court to permit or deny disclosure of material filed *in camera* other than the complaint. *See id.* But in permitting *in camera* submissions, the statute necessarily invests the court with authority to either maintain the filings under seal, or to make them available to the parties. *Id.* It is with this authority that the court can determine if "lifting the seal on the entire record is appropriate." *U.S. ex rel. Lee v. Horizon Wests, Inc.*, No. 00–2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Several courts, including this one, consider lifting the seal to be appropriate unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties. *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.; see also United States v. Ctr. for Emp't Training*, No. 13–01697, 2016 WL 561774, at *2 (E.D. Cal. Feb. 12, 2016) (internal citations omitted). Courts also consider the public's interest

in light of the fundamental principle that court records are generally open to the public. *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

II. <u>DISCUSSION</u>

Here, the Government Parties identify several reasons to retain the seal over their seal extension requests.

> First, under the federal False Claims Act, the government's decision regarding intervention triggers the unsealing only of the relator's complaint, not the entire docket preceding intervention. Second, revealing the contents of the government's requests to extend the seal and the intervention deadline would give present and future defendants a window into confidential government fraud investigations. Third, unsealing such requests would cause harm by weakening the government's antifraud efforts. Fourth, unsealing such requests in *qui tam* cases creates a catch-22 for the government: it can either support its requests for extensions of the seal and intervention deadline by publicly divulging the details of a confidential investigation or omit such details and risk the court denying an extension.

ECF No. 55 at 2.

As for the first reason, while the FCA does not explicitly reference the unsealing of any documents filed with the court except the complaint, the FCA also does not explicitly preclude the court from determining the propriety of lifting the seal on other documents. *U.S. ex rel. Erickson*, 339 F. Supp. 2d at 1126. It is within the court's authority to determine if the seal should be lifted in part or in whole. *See Horizon Wests, Inc.*, 2006 WL 305966, at *2.

As for the second and third reasons, the court is similarly unpersuaded. The Government Parties argue the requests for extension reveal "the actions taken in furtherance of the investigations, the progress made, the government agencies and personnel involved, and the government's view of what additional investigation is necessary and appropriate." ECF No. 55 at 4. But a careful *in camera* examination of the case file shows that the documents at issue, including those cited as containing particularly sensitive information, merely describe routine investigative procedures. In providing reasons for an extension, the Government Parties described only in general terms the investigation into the FCA claims. *Id.*

For example, the requests describe the investigations soliciting "monthly and yearly summaries" of payments made to each defendant, ECF No. 14-1 at 3, analyzing "voluminous documents in response to Civil Investigative Demands ("CIDs") issued on both defendants," ECF No. 17-1 at 2, and interviewing "former employees of both defendants," *id.* In these requests, the Government Parties did not disclose any confidential information or investigative techniques. *See id.*; *see also* ECF No. 14-1. The instant situation is similar to the one described in *Ctr. for Emp't Training*, where the court found the documents at issue did not disclose any confidential investigative techniques, information that could jeopardize an ongoing investigation, or matters that could injure nonparties. 2016 WL 561774, at *3. Additionally, other than describing or speculating that general harm that may occur, such as the weakening of government anti-fraud efforts, the Government Parties do not detail the actual harm that will follow an unsealing of court documents. Nor do they point to harm that has occurred from unsealing of documents in another, separate case. Speculative and general harms, without more, do not amount to harm to an "ongoing investigation," "harm to non-parties," or "reveal confidential investigative methods or techniques." *Horizon Wests, Inc.*, 2006 WL 305966, at *2.

The Government Parties' "catch-22" argument is similarly unavailing. Had the Government Parties actually divulged confidential details in its extension requests, this court could have reviewed such details *in camera* and then might have determined that the seal on such documents should be maintained. Here, where the Government Parties apparently have opted for the more cautious course, their filings by their own admission do not satisfy the requirements for continued sealing.

The Government Parties have not provided any explanation of how disclosure of the materials would be harmful to non-parties. Such harm is not clear from the court's own review of the docket of the case. The Government Parties have not suggested any governmental privilege, or any harm to investigatory sources. The documents the Government Parties request remain under seal do not implicate any particular persons, provide meaningfully substantive details of the investigation, or reveal any attorney thought processes.

III. CONCLUSION

For the reasons set forth above, the court finds no portion of the file qualifies for sealing.

IV. ORDER

IT IS HEREBY ORDERED that:

1. Government Parties' request to seal is DENIED.
2. This order and all future filings are UNSEALED, but all other contents of the court's file in this action remain under TEMPORARY SEAL pending further order of this court following review of any redaction request filed as provided below.
3. Within seven (7) days of the filed date of this order, any party may SHOW CAUSE, under Local Rules 140 and 141, why any document currently remaining under seal should be redacted.

IT IS SO ORDERED.

DATED: May 2, 2017.

_____
UNITED STATES DISTRICT JUDGE