UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. BEVERLY MCCAFFERY,<br><br>Plaintiffs,<br>v.<br><br>ALTERNATIVE LEARNING CENTER, et al.,<br><br>Defendants. | No. 2:12-cv-01156-KJM-DB<br><br>ORDER |

This matter is before the court on a motion by Hirst Law Group, P.C. (HLG) for entry of judgment based on a settlement agreement reached between Relator Beverly McCaffery and defendants. HLG seeks a $114,728.65 judgment against defendants Alternative Learning Center (ALC) and Alice Soard plus per diem interest of $31.43 per day after November 1, 2019 until the date judgment is entered. HLG also seeks additional attorneys' fees, incurred in obtaining this judgment, in the amount of $1,317.50. For the following reasons, the court GRANTS the motion.

////

////

////

1

I.  BACKGROUND

On April 30, 2012, Relator Beverly McCaffery filed a *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq.* Compl., ECF No. 1. She also raised state claims on behalf of the State of California under the California False Claims Act, Cal. Gov't Code § 12651. *Id.* On October 18, 2016, the State of California and the United States of America (collectively the "Government Entities") filed a joint notice of election to intervene for settlement purposes. Notice, ECF No. 46.

After intervention, the parties settled the case, and Relator and her counsel entered a separate settlement agreement with defendants ALC and Soard under which ALC and Soard agreed to pay attorney's fees, costs, and expenses associated with the *qui tam* action. *See* Hirst Decl., Ex. A , ECF No. 58-4, at 4–14 (Settlement Agreement). This court retained jurisdiction over Relator's claims for reasonable expenses, attorneys' fees, and costs against defendants under 31 U.S.C. § 3730(d)(1) and jurisdiction to enforce the terms of the settlement agreement. Order, ECF No. 5, at 2 (sealed); Hirst Decl. ¶ 3. The terms of the agreement provide that "ALC and Soard shall be jointly and severally liable and shall pay to HLG the total sum of two hundred and twenty-five thousand dollars[.]" Settlement Agreement ¶ 1. The amortization schedule set forth in the promissory note accompanying the agreement required defendants to make nine monthly payments of $2000.00 beginning on July 1, 2017 followed by 31 monthly payments of $7000.00 and a final payment of $109.00 on November 1, 2020. *Id.* at 9–11. The agreement also entitles HLG to an immediate entry of judgment against defendants for the full amount of fees owed to HLG, less any amount already paid by defendants, in the event of default and a failure to cure after ten days. *Id.* at 12. The agreement also entitles HLG to "all reasonable costs of collection, including reasonable attorneys' fees, costs and expenses, in obtaining entry of judgment" in the event of default. *Id.*

According to HLG's record of payments, ALC and Soard made somewhat regular payments until mid-2019, when they failed to timely submit their payments for April, May and June. Hirst Decl. ¶ 4; *id.*, Ex. B–C, at 15–17 (Notice of Default & Payment Tracker). After sending a letter to counsel for defendants requesting payment, plaintiff's counsel, Michael A.

1 | Hirst, received a late payment for April 2019 and two late payments in June and July 2019. Hirst
2 | Decl. ¶ 4. It appears no payment was ever made for May 2019. *Id.* Additionally, it appears ALC
3 | and Soard made no payment in August 2019, and the payments received for September and
4 | October 2019 were late. Notice of Default & Payment Tracker at 17. After several attempts by
5 | Hirst to communicate with counsel for defendants regarding the late or missed payments, Soard's
6 | attorney indicated only that ALC was in a "deteriorating financial situation." Hirst Decl., Exs. D
7 | & E, at 23. The record indicates HLG has provided defendants with at least one, if not three,
8 | notices of default, the most recent sent on June 11, 2019, but has not received payment. *See*
9 | Notice of Default & Payment Tracker (titled "Notice of Third Event of Default"). On
10 | November 19, 2019, plaintiffs filed the instant motion for an entry of judgment. *See* Mot., ECF
11 | No. 58. No opposition has been filed.

## II. LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "A settlement agreement is treated as a contract and a party may file a motion to enforce a settlement agreement to obtain an order for damages or specific performance." *Walter v. Western Indus., Inc.*, SACV 13-1503-JLS (ANx), 2015 WL 12765552, at *2 (C.D. Cal. Mar. 25, 2015) (citation omitted). State contract law governs the construction and enforceability of settlement agreements. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (citing *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993)). An enforceable settlement agreement must be a complete agreement, meaning the parties agreed on all material terms. *Callie*, 829 F.2d at 890-91 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983) ("Where there has been no meeting of the minds sufficient to form a complete settlement agreement, any partial performance of the settlement agreement must be rescinded and the case restored to the docket for trial.")). Further, both parties must have agreed to the settlement terms or authorized their respective counsel to

/////

/////

/////

settle the dispute. *Marks-Foreman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citing *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977)).[1]

III.   DISCUSSION

The record before the court shows a settlement agreement regarding attorney's fees was reached in this action on July 17, 2017. *See*, Hirst Decl., Ex. A. Both Relator Beverly McCaffery and defendant Alice Soard signed the settlement agreement, which included the terms and conditions of the agreement and a promissory note detailing the terms of the required payments. *Id.* The court has no reason to doubt the validity of the signed contract, and the email correspondence between HLG and defendants' counsel indicates defendants had, indeed, agreed to the settlement and were aware of its terms. *See id.* Exs. D & E.

Under the terms of the agreement, ALC and Soard were required to pay $7,000 on the first day of each month beginning July 2019, and had ten days from the date of notice of any default to cure any default. *Id.* After defendants defaulted on these terms, they also failed to respond to HLG's attempt to meet and confer to resolve the default on the note. Serlin Decl. ¶ 5, ECF No. 58-3. Defendant's counsel also failed to respond to email correspondence from HLG regarding defendants' default. *Id.* ¶ 6.

Plaintiff has demonstrated that a valid settlement agreement exists and that defendants have failed to comply with its terms by failing to make the payments required by the promissory note included in the agreement. This court periodically retained jurisdiction to enforce the payment of the agreement. Order, ECF No. 5, at 2 (sealed); Hirst Decl. ¶ 3. Therefore, in the absence of a dispute over the settlement agreement or the requested judgment, entry of judgment is proper.

/////

---

[1] California law provides an alternative procedure allowing parties to pending litigation to move for an entry of judgment pursuant to the terms of a writing signed by the parties. *See Walter*, 2015 WL 12765552, at *2; Cal. Civ. Proc. Code § 664.6 ("If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court…, for settlement of the case…, the court, upon motion may enter judgment pursuant to terms of the settlement."). The parties do not move under this statute, and so the court does not address it here.

4

## IV. CONCLUSION

For the reasons stated above, the motion to enter judgment pursuant to the settlement agreement is GRANTED. Judgment SHALL be entered for plaintiff in the amount of $114,728.65 as the accelerated amount presently due under the Settlement Agreement, plus $31.43 per diem interest for every day from November 1, 2019 to the date this judgment is entered on the court's docket, and an additional $1,317.50 for attorneys' fees associated with the instant motion.

IT IS SO ORDERED.

DATED: March 24, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE